UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

IN RE PETITION OF PINEWOOD
TECHNOLOGIES ASIA PACIFIC
LIMITED FOR JUDICIAL ASSISTANCE
PURSUANT TO 28 U.S.C. § 1782

Case No. 24-mc-60119-WPD

MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR
ALTERNATIVE SERVICE OF SUBPOENA

Petitioner Pinewood Technologies Asia Pacific Limited ("PWAP") hereby moves this Court to authorize alternative service of process of a subpoena against William Berman.

FACTUAL BACKGROUND

On January 22, 2024, PWAP petitioned for an order of judicial assistance pursuant to 28 U.S.C. § 1782 ("Petition"), to appoint Tara J. Plochocki, Esq. as a Commissioner of the Court to facilitate subpoenas for the gathering of documentary and testamentary evidence from William Berman, the Chief Executive Officer of Pendragon PLC ("Pendragon"), the parent company of Pinewood Technologies PLC ("PWUK").  PWAP explained that the discovery sought was for use in connection with a fraud claim that PWAP intends to file in an ongoing legal proceeding against PWUK in the High Court of Justice Business and Property Court of England and Wales, Technology and Construction Court (the "English lawsuit") (ECF No. 1).  On January 24, 2024, counsel for PWAP served a courtesy copy of the Petition and supporting documents on English counsel for PWUK in the English lawsuit via email.  Declaration of Tara J. Plochocki dated April 5, 2024 ("2nd Plochocki Decl.") ¶ 8.

On March 6, 2024, PWAP filed an expedited motion for a status conference with the Court. (ECF No. 11).  The Court granted PWAP's Petition on March 13, 2024 after an *ex parte* hearing.

1

(ECF Nos. 12, 13). The Court directed that PWAP provide a copy of the March 13, 2024 order (the "Order") to Mr. Berman. (ECF No. 13).

After the Court issued the Order, Petitioner sought expeditiously to serve Mr. Berman with a subpoena for testimony and documents as authorized by the Order. Petitioner sought to serve Mr. Berman at his home address, which was listed in his voter registration information. Declaration of Tara J. Plochocki dated January 22, 2024 ("1st Plochocki Decl.") ¶ 4 (ECF No. 6); Affidavit of Ramon Sais Jr. ("Sais Aff.").

Mr. Ramon Sais Jr., a Special Process Server appointed by the Broward Sheriff's Office in good standing, attempted service on Mr. Berman at this address six times between March 20 and March 27, 2024. Sais Aff. Mr. Sais confirmed through security that William and Michelle Berman were residents there. *Id.* Mr. Sais explained that "[n]umerous attempts found vehicles in the drive," and that "security confirmed that … the Bermans were the drivers of the vehicles in the drive." *Id.*

Mr. Sais also explained that a woman saw him from inside the house during some attempts and that she walked away without speaking to him, and that a man's voice was heard on one attempt:

> Some attempts I saw a woman (65 years, brown hair) inside the home. She waved no to me and walked away. I showed her my identification and stated why I was there, but she again waved no and walked away from the windows. A man's voice was heard hushing the dog on one occasion.

*Id.*

**LEGAL ARGUMENT**

Petitioner has attempted to effect personal service on Mr. Berman at his home address six times and has been unsuccessful. *Id.* To facilitate the disclosure ordered by this Court's grant of the 1782 Petition, PWAP now moves this Court to authorize alternative service of process on Mr. Berman via (1) email at his company email address, (2) email to Steven Dunseath at Trowers & Hamlins LLP, counsel for PWUK in the English lawsuit, and (3) FedEx to Mr. Berman's home address. Such an order is permitted by law and appropriate here, where foreign proceedings are moving forward, there is limited time for disclosure, and failing to issue such an order would reward respondent for evading service.

1. **Personal Service of a Subpoena Is Not Required.**

Rule 45(b)(1) of the Federal Rules of Civil Procedure provides that "[s]erving a subpoena requires delivering a copy to the named person . . . ." Fed. R. Civ. P. 45(b)(1). There is no binding precedent on what personal service means in the Eleventh Circuit; courts in this District have increasingly found that Rule 45 does not require in-person delivery of a subpoena to a witness, but instead "service reasonably calculated to ensure receipt of the subpoena by the witness." *See, e.g.*, *BG Strategic Advisors, LLC v. FreightHub, Inc.*, No. 21-80299-Civ-Matthewman, 2023 WL 114864, at *4 (S.D. Fla. Jan. 6, 2023) (surveying cases and "join[ing] the ranks of the aforementioned substantial recent authority in finding that Rule 45 does not, in fact, require personal service") (internal quotation marks omitted); *Reiterman v. Abid*, No. 8:19-CV-2282-T-02AAS, 2019 WL 6114945, at *1 (M.D. Fla. Nov. 18, 2019) ("While personal service typically occurs, courts do not require personal service but require service reasonably calculated to ensure receipt of the subpoena by the witness.").

**2. Good Cause for Alternative Service Exists After Diligent Efforts Have Been Made Without Success.**

Where parties have sought the court's authorization to serve subpoenas through alternative means, courts in this Circuit have routinely granted such motions where parties have shown that their attempts at personal service have been unsuccessful. For example, in *Saadi v. Maroun*, No. 8:07-cv-1976-SCB-JSS, 2021 WL 8650800 (M.D. Fla. Mar. 22, 2021), the plaintiff sought authorization to serve a non-party subpoena through alternative means because it had attempted unsuccessfully to serve the non-party's registered agent personally multiple times. The plaintiff submitted the process server's affidavit, which explained that during his multiple attempts at service, the registered agent's wife answered the door explaining on each occasion that the agent was not available, was sick, or out of town. *Id.* at *2. Based on this, the court found that personal service "may be unreasonably difficult to accomplish" and permitted the plaintiff to serve by alternative means, including by mailing the subpoena and, as requested here, by sending it by email and Federal Express. *Id.* at *3-4. *See also Reiterman*, 2019 WL 6114945 (allowing deposition subpoenas to be served by substitute service after attempting personal service); *Bozo v. Bozo*, 12-CV-24174-WILLIAMS, 2013 WL 12128680, at *1 (S.D. Fla. Aug. 16, 2013) (finding that service of subpoenas on non-parties was proper where the petitioner left the documents with a maid or at the door, after failed attempts at personal service).

Further good cause to order alternative service exists where a witness is evading service of a subpoena at his home. *Reiterman*, 2019 WL 6114945, at *1. In such circumstances, courts have ruled that, to the extent personal service is required by Rule 45, dodging service excuses that obligation, and alternative service is appropriate. *BG Strategic Advisors*, 2023 WL 114864, at *5 (witness's awareness of service attempts a "significant fact" in ordering service by mail and email).

4

### 3. Good Cause to Order Alternative Service Exists Here.

Petitioner has been diligent in its attempts to serve Mr. Berman and it appears that he is evading service. As of March 27, a process server had made six attempts to personally serve Mr. Berman at his place of residence. Sais Aff.; 1st Plochocki Decl., Ex. 3 (Mr. Berman's Voter Registration reflecting his address) (ECF No. 6-3). During several of the process server's attempts, he saw a woman inside the house; she waved him away. He also heard a man's voice quieting a dog. Sais Aff.

Mr. Berman is undoubtedly aware of the subpoena and the attempts to serve him. He remains the Chief Executive Officer of Pendragon PLC, recently renamed Pinewood Technologies Group PLC. 2nd Plochocki Decl. ¶¶ 2-3. PWUK is owned by Pendragon PLC. *Id.* ¶ 4. Undersigned counsel emailed English counsel for PWUK on January 24, 2024 to alert them of this action, and again on April 2 to seek their position on this Motion for Alternative Service and authorization to accept service. *Id.* ¶ 8. It is highly improbable that representatives of the subsidiary did not inform their parent corporation, which was in the middle of closing an enormous deal with Lithia, that a legal action seeking evidence about that deal had been commenced in the United States, or that their lawyer had received a request concerning serving Mr. Berman.

### 4. Service by Email and Fedex Would Be Appropriate Here.

Petitioner proposes to serve Mr. Berman via his own corporate email address, which it has used to communicate with him in the past, via PWUK's English counsel, and via Fedex at his home in this District. These means are "reasonably calculated to ensure receipt of the subpoena" and are thus permissible. *BG Strategic Advisors, LLC*, 2023 WL 114864, at *4.

Service of a subpoena by email after repeated unsuccessful attempts at personal service is proper. *Rainey v. Taylor*, No. 18-24802-MC-SCOLA/TORRES, 2019 WL 1922000, at *2-3 (S.D.

Fla. Apr. 30, 2019); *TIC Park Centre 9, LLC v. Cabot*, No. 16-24569-Civ-COOKE/TORRES, 2017 WL 11712069, at *3-4 (S.D. Fla. June 9, 2017) (finding service of process on non-parties by email and mail to be proper after failed attempts at personal service). So too is service on counsel. *See*, *e.g.*, *In re MTS Bank*, 17-21545-MC-WILLIAMS/TORRES, 2018 WL 1718685, at *4 (S.D. Fla. Mar. 16, 2018) (finding service of subpoena on defendant through defendant's counsel was proper); *BG Strategic Advisors*, 2023 WL 114864, at *5-6 (authorizing plaintiffs to serve non-party subpoena *inter alia* by notice to defendant's counsel who is also counsel for the non-party, and email to the non-party's professional email addresses). Courts have also ordered service via Federal Express. *See e.g., Diaz v. Chapters Health Sys., Inc.*, No. 8:18-CV-03052-T-36SPF, 2020 WL 203157, at *3 (M.D. Fla. Jan. 6, 2020) (ordering service by FedEx to "speed up the process and also minimize expenses").

Service by email and Federal Express are appropriate here. Mr. Berman remains the CEO of Pendragon PLC, where David Neilsen, the President of PWAP had emailed him at bill.berman@pendragon.uk.com. 2nd Plochocki Decl. ¶¶ 2, 6. Likewise, PWUK is engaged in the ongoing English lawsuit and represented by counsel with whom undersigned counsel has communicated about this action. *Id.* ¶¶ 7-8. Finally, since the security guard confirmed to the process server that the residence at which service has been attempted belongs to Mr. Berman, service via FedEx without a signature required would also be effective. Combined, these three methods of service are reasonably calculated to ensure receipt of the subpoenas by Mr. Berman.

## CERTIFICATE OF CONFERRAL

Pursuant to Southern District of Florida Local Rule 7.1(a)(3), the undersigned hereby certifies that counsel for Petitioner communicated with counsel for PWUK by email on April 2,

2024 to request whether PWUK's counsel will accept service on behalf of Mr. Berman. PWUK's counsel responded on April 3, 2024 that it was not so authorized.

The undersigned hereby certifies that Petitioner has not discussed the substance of this request with Respondent William Berman because it would be futile, as he is actively evading service. Nor has Respondent Berman filed any pleadings opposing the Petition, appeared in this case, or otherwise communicated regarding the Petition or the case.

## CONCLUSION

For the foregoing reasons, Petitioner requests that the Court grant this Motion for Alternative Service and issue an order authorizing service by email on Mr. Berman and PWUK's English counsel, and via FedEx at Mr. Berman's residence in this District. Petitioner requests this Court to deem service complete at the time the emails are sent. Petitioner will update the subpoena to provide for the required 14-day period to respond from the date of the Court's order on this Motion.

**Dated:** April 5, 2024

Respectfully submitted,

**LEWIS BAACH KAUFMANN MIDDLEMISS PLLC**

/s/   *Tara J. Plochocki*

Tara J. Plochocki (admitted *pro hac vice*)
1050 K Street NW
Suite 400
Washington, DC 20001
Tel. 202-659-7217
tara.plochocki@lbkmlaw.com

7

Elizabeth M. Velez
Florida Bar No. 73614
10 Grand Central
155 East 44th Street
25th Floor
New York, NY 10017
Tel. 646-968-8830
elizabeth.velez@lbkmlaw.com

*Counsel for Petitioner Pinewood Technologies Asia Pacific Limited*